Filed 12/27/22  In re M.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re M.A., a Person Coming Under the Juvenile Court Law. | C096127 |
| YOLO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | (Super. Ct. No. JV202218) |
| Plaintiff and Respondent, | |
| v. | |
| C.H., | |
| Defendant and Appellant. | |

C.H., mother of the minor (mother), appeals from the juvenile court's order denying her reunification services pursuant to Welfare and Institutions Code section 361.5, subdivision (b)(13).  (Welf. & Inst. Code, §§ 361.5, 395.)[1]  The Yolo County

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

Health and Human Services Agency (Agency) concedes the error. Finding the Agency's concession is proper, we will reverse the juvenile court's disposition order and remand for further proceedings.

## BACKGROUND

In February 2022, the Agency removed the seven-month-old minor and one of her half siblings, A.T., from mother and S.A. (father) in conjunction with a dependency petition filed pursuant to section 300, subdivision (b). The petition alleged the parents' history and ongoing abuse of methamphetamine, from which they both failed or refused to rehabilitate, placed the minors at risk of serious harm. The petition further alleged mother had an ongoing family maintenance case related to the minor's half siblings, A.T. and C.P., also due to mother's methamphetamine abuse.[2]

The Agency's jurisdiction/disposition report laid out mother's extensive substance abuse history dating back to 2012 and the fact that, despite her engagement in and successful completion of several court ordered services and periods of sobriety during which the children were returned to her care, mother returned to substance abuse and demonstrated a resistance and inability to maintain long-term sobriety. In particular, mother was involved in a voluntary family maintenance case in December 2012 due to her methamphetamine use. That case was eventually closed due to her failure to engage. In August 2013, mother was involved in a dependency case regarding the minor's half siblings due to her continued methamphetamine abuse. She successfully completed an outpatient treatment program through drug court and, after a brief discharge due to behavioral problems, she successfully completed a residential treatment program, at which time her children (the minor's half siblings) were returned to her care. Shortly

_____

[2] The minor's half siblings A.T. and C.P. are not the subject of mother's appeal and will be mentioned only where relevant.

thereafter, mother relapsed on methamphetamine, but the case was ultimately closed after she maintained five months of sobriety.

Mother relapsed again in April 2019. The juvenile court took jurisdiction over the minor's two half siblings and ordered in-home family maintenance services. In February 2020, the two half siblings were again removed from mother's care. At the March 2020 disposition hearing in that case, mother was ordered to participate in reunification services. She tested positive for methamphetamine, missed drug tests, and presented diluted tests in June 2020, but she was able to maintain sobriety from August 2020 to March 2021, at which time she successfully completed an outpatient treatment program. Thereafter, mother gave birth to the minor. The two half siblings were returned to mother's care under a plan of family maintenance.

Mother relapsed again in November 2021. She failed to comply with weekly drug testing throughout the month of December 2021, missed a drug test on January 3, 2022, and tested positive for methamphetamine a week later. Mother refused to enter residential drug treatment and, on February 1, 2022, the minor and her half siblings were placed in protective custody. Thereafter, mother re-entered outpatient treatment.

The Agency recommended bypassing mother's reunification services with respect to the minor pursuant to section 361.5, subdivision (b)(13), which provides that reunification services need not be provided to a parent when the court finds clear and convincing evidence that "the parent . . . has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition . . . , or has failed or refused to comply with a program of drug or alcohol treatment . . . on at least two prior occasions, even though the programs identified were available and accessible." In that context, " 'resisted' means the parent . . . refused to participate meaningfully in a prior court-ordered drug or alcohol treatment program and does not include 'passive

resistance,' " as described in *In re B.E.* (2020) 46 Cal.App.5th 932 (*B.E.*). (§ 361.5, subd. (b)(13).)

At the contested jurisdiction/disposition hearing, the social worker testified that mother had an extensive history of substance abuse and, while she had been able to participate and do well in treatment services in the past, she ultimately ended up relapsing on methamphetamine. The social worker further testified mother was unwilling to participate in inpatient treatment because she did not believe it was necessary for her to regain her sobriety. He confirmed mother had participated in outpatient treatment before, and he opined that outpatient treatment once a week was insufficient to change mother's pattern of sobriety followed by relapse.

Mother testified regarding her periods of sobriety followed by relapse. She confirmed she used methamphetamine the day the minor's two half siblings were returned to her care. Mother also testified she previously participated in three different drug treatment programs.

The Agency requested that the juvenile court bypass mother's reunification services pursuant to section 361.5, subdivision (b)(13), arguing that, since 2012, mother had been engaged in an ongoing cycle in which mother used drugs, the children were removed from her care, mother participated in treatment services, the children were returned to her care, mother again used drugs, the children were again removed from her care, and so on. The Agency further argued that while mother demonstrated an ability to become sober and participate in services, she also demonstrated a resistance to drug treatment by repeatedly relapsing and an unwillingness to commit to her sobriety by refusing inpatient treatment.

Mother argued section 361.5, subdivision (b)(13) could not be applied on the basis of her resistance to prior court ordered treatment because resistance in that context did not include passive resistance as set forth in *B.E., supra*, 46 Cal.App.5th 932.

The juvenile court sustained the petition and bypassed mother's reunification services pursuant to section 361.5, subdivision (b)(13). In that regard, the court found mother "actively resisted treatment" as demonstrated by the fact that she had been under court supervision since 2019, and made occasional progress in treatment only to relapse and return to her drug use. The court noted: "[Mother] shows no indication to me whatsoever that she has any intent of ever stopping her drug use. She is not putting her children first. She's putting her substance abuse first."

## DISCUSSION

Mother contends the juvenile court erred when it bypassed her for reunification services pursuant to section 361.5, subdivision (b)(13). She argues the court's finding that she "actively resisted treatment" was not supported by the record and was inconsistent with the holding in *B.E., supra*, 46 Cal.App.5th 932. The Agency concedes the error and agrees the matter should be reversed and remanded for further proceedings. We accept the Agency's concession.

In *B.E.,* the parents "enjoyed lengthy periods of sobriety while participating in reunification services in prior cases" and both "demonstrated a willingness to participate in further drug treatment programs." (*B.E., supra*, 46 Cal.App.5th at p. 945.) The appellate court concluded that, under those circumstances, "the parents cannot be said to have resisted treatment" for purposes of section 361.5, subdivision (b)(13). (*B.E.,* at p. 945.) Similarly, it is clear from the record here that mother actively participated in and successfully completed several court ordered substance abuse treatment programs between 2012 and 2022. However, she relapsed after each program and was unable to maintain her sobriety. At the time of the jurisdiction/disposition hearing, mother was again participating in outpatient drug treatment services. She testified to her willingness to participate in additional drug treatment programs, including inpatient treatment that she had previously refused. Mother's repeated relapses following treatment did not amount to active resistance for purposes of section 361.5, subdivision (b)(13) and

5

therefore did not provide sufficient evidence to support an order bypassing her reunification services.  (*B.E.,* at pp. 941, 945.)

## DISPOSITION

The juvenile court's disposition order is reversed and the case is remanded for further proceedings.

/s/<br>
BOULWARE EURIE, J.

We concur:

/s/<br>
DUARTE, Acting P. J.

/s/<br>
RENNER, J.